UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAIRRAN MACHELL GREEN,                    Case No. 1:06-CV-753

    Plaintiff,                              Hon. Richard Alan Enslen

v.

UNITED STATES OF AMERICA, *et al*.,
                                           **OPINION**

    Defendants.
_____/

    This matter is before the Court on Defendant United States of America's Motion to Set Aside Default and Dismiss Plaintiff's Claims. Defendant moves pursuant to Federal Rule of Civil Procedure 55(c) and (e) and/or 60(b) to set aside the default against Dr. Robert Bach and Westside Cherry Street Services entered by Kent County Circuit Court. Defendant also moves pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Complaint against the Defendant.

**I.    BACKGROUND**

    On August 9, 2006, this action was filed in Kent County Circuit Court and pleadings were served upon Defendant Dr. Robert Bach and Westside Cherry Street Services.[1] On September 20, 2006, Plaintiff obtained a default against Dr. Robert Back and Westside Cherry Street Services. On October 18, 2006, certification was made by Russell C. Stoddard, acting United States Attorney for the Western District of Michigan, that Defendants Dr. Robert Bach and Westside Cherry Street

---

[1] The Court also notes that Dr. Lora Moore, a named Defendant in Plaintiff's action, has never been an employee of Westside Cherry Street Services, does not appear in Plaintiff's medical records for Westside Cherry Street Services, and does not appear to have been served by Plaintiff.

Services were deemed employees of the Public Health Service and were acting within their scope as employees at the time giving rise to this suit. Pursuant to this certification, 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(a), (c) and (g), the United States of America was substituted as a party Defendant in this action. The action was removed to this Court on October 19. 2006, pursuant to exclusive federal jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). On November 22, 2006, Defendant filed this Motion to set aside the default entered against Dr. Robert Bach and Westside Cherry Street Services and to dismiss the action.

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, the Court may set aside an entry of default for good cause shown.[2] FED. R. CIV. P. 55(c). The Federal Rules of Civil Procedure also specify that no judgment can be entered against the United States of America or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court. FED. R. CIV. P. 55(e). A default judgment entered in state court is subject to being set aside in federal court, because "when a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Munsey v. Testworth Lab.*, 227 F.2d 902, 903 (6th Cir. 1955) (citation removed); *Zolman v. United States*, 170 F. Supp. 2d 746 (W.D. Mich. 2001).

The Sixth Circuit has recognized two types of Rule 12(b)(1) motions: (1) a facial attack which challenges the sufficiency of the plaintiff's factual allegations, where all well-pled factual

---

[2]The Court notes that Plaintiff has only obtained an entry to default against Dr. Robert Bach and Westside Cherry Street Services, not a default judgment. Therefore, pursuant to Rule 55(c), the Court may set aside this default for good cause, and it need not examine it under Rule 60(b).

allegations in the complaint are taken as true; and (2) a factual attack which challenges the actual fact of subject-matter jurisdiction and is analyzed under Rule 56 summary judgment standards. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).[3]  Further, it is the plaintiff's burden to demonstrate that the court has jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

### III.  ANALYSIS

A.  Entry of Default

Under Rule 55(c), the Court may set aside a default for good cause shown. In determining if good cause exists to set aside an entry of default, the Court examines whether: (1) the default was willful; (2) the set-aside would result in prejudice to the plaintiff; and (3) defendant has alleged any meritorious defense. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). These standards are to be applied more liberally when reviewing an entry of default. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986).

Defendant removed the action and substituted itself as a party defendant immediately upon becoming aware of Plaintiff's suit and the subsequent default. Therefore, the Court finds that the default was not the result of any willful conduct of Dr. Robert Bach, Westside Cherry Street Services, or the United States. Further, Plaintiff has not alleged nor can the Court find she would suffer any prejudice if the default was set aside. It is true that in setting aside the default, a delay in recovery may result; yet this is not sufficient to find prejudice. *Berthelsen v. Kane*, 907 F.2d 617,

---

[3] The Court notes that while Defendant moves pursuant to both Rule 12(b)(1) and 12(b)(6), it only addresses dismissal under 12(b)(1) in its Brief. Therefore, the Court will analyze the Motion under this standard.

621 (6th Cir. 2000) (holding "delay alone is not a sufficient basis for establishing prejudice."). The fact Plaintiff will face dismissal does not weigh in favor of finding prejudice where the dismissal is the product of Defendant's meritorious defense, as well as Plaintiff's failure to exhaust the administrative remedies under the FTCA before filing suit. Therefore, where the Court has found there was no willful conduct, there will be no prejudice to Plaintiff, and Defendant presents a meritorious defense, the entry of default will be set aside.

B.   Dismissal

Defendant argues Plaintiff's action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. Defendant asserts that under a facial attack or a factual attack, the Court lacks proper subject matter jurisdiction pursuant to the FTCA. Although Plaintiff bears that burden in showing the Court has proper jurisdiction, she did not address this issue in her Response and appears only to argue that the default in state court was proper and therefore should be upheld.

It is clear that by virtue of the United States' substitution as the proper party defendant, Plaintiff's claim must be deemed to have been brought under the FTCA, 28 U.S.C. § 2671 *et seq*. *Zolman*, 170 F. Supp. 2d at 748. Defendant avers that Plaintiff's action fails under a "facial attack" of subject matter jurisdiction because Plaintiff has failed to plead she complied with administrative exhaustion requirements. Defendant also contends dismissal is proper under a "factual attack" based upon the declaration of Richard Bergeron. (*See* Mot. Ex. 1.)

Defendant asserts Dr. Robert Bach and Westside Cherry Street Services have been deemed to be employees of the Public Health Service under 42 U.S.C. § 233, and therefore, any tort claims relating to their medical functions must be brought under the FTCA. *See* 42 U.S.C. § 233(a); (Decl.

Bergeron at ¶¶ 5-6)  The FTCA is the exclusive remedy of state law torts committed by federal employees acting within the scope of their employment; federal courts also have exclusive jurisdiction over claims brought under the FTCA.  28 U.S.C. § 2679(b), 28 U.S.C. § 1346(b)(1).  Plaintiff has not pled that she exhausted any administrative remedies, nor has she disputed Defendant's claims that Dr. Robert Bach or Westside Cherry Street Services are employees under Section 223.  Plaintiff was required to present an administrative tort claim to the appropriate Federal agency pursuant to the FTCA.  28 U.S.C. § 2675(a).  Failure to plead the exhaustion of administrative remedies is a jurisdictional prerequisite to obtain judicial review under the FTCA. *McNeil v. United States*, 508 U.S. 106 (1993); *Joelson v. United States,* 86 F.3d 1413, 1422 (6th Cir. 1996); *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1990).  Plaintiff has failed to plead exhaustion of administrative remedies and as a result, this Court lacks jurisdiction over the action.  Dismissal pursuant to 12(b)(1) is proper.

**IV.   CONCLUSION**

The Court will grant Defendant's Motion.  The Court will vacate the entry of default and dismiss the action.  A Judgment consistent with this Opinion shall issue.


Dated in Kalamazoo, MI:                                  /s/Richard Alan Enslen
February 16, 2007                                        Richard Alan Enslen
                                                         Senior United States District Judge